**No. 48380.**—Protest 98142–K of Armand Schwab & Co., Inc. (New York).

Opinion by TILSON, J. It was stipulated that certain of the hemp hats in question are similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). In accordance therewith the claim at 25 percent was sustained.

**No. 48381.**—Protest 99037–K of J. Elishewitz Sons Co. (New York).

Opinion by TILSON, J. It was stipulated that certain of the hemp hats in question are similar to those involved in *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). In accordance therewith the claim at 25 percent was sustained.

**No. 48382.**—Protests 594144–G, etc., of Henry Pollak, Inc. (New York).

Opinion by TILSON, J. Certain of the hats in question imported or withdrawn for consumption subsequent to the effective date of the Netherlands Trade Agreement (T. D. 48075) were held dutiable at 12½ percent ad valorem under said agreement, and those imported or withdrawn for consumption prior to that date were held dutiable at 25 percent under paragraph 1504(b)(5). Protests sustained to this extent.

BEFORE THE THIRD DIVISION, JUNE 9, 1943

**No. 48383.**—Protest 987429–G of Chapal Donner Corp. (New York).

Opinion by CLINE, J. The record showed that the merchandise involved consists of raw rabbitskins wrapped in bales covered with old, dirty, second-hand burlap; that the skins are not capable of being marked; and that there was no marking on the burlap to indicate the country of origin, but tags were attached to the burlap of each bale which contained the marking showing the country of origin of the merchandise, and that the tags were sewed on the burlap and would not become detached when the bales were opened. Following *American Hatters & Furriers Co.* v. *United States* (1 Cust. Ct. 111, C. D. 31) it was held that the merchandise in question was not subject to the additional duty.